IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 16, 2002

## BILLY JOE SMITH v. LISA NIDIFER RICE, ET AL.

**Appeal from the Circuit Court for Johnson County**
**No. 2174     Thomas J. Seeley, Jr., Judge**

**FILED NOVEMBER 14, 2002**

**No. E2001-02436-COA-R3-CV**

---

In this appeal from the Circuit Court for Johnson County the Appellant, Billy Joe Smith, asserts that the Circuit Court erred in denying his motion to alter or amend the Court's prior judgment dismissing his complaint for alleged violations of his civil rights upon grounds that the complaint failed to allege any causes of action other than violations of the United States Constitution. We affirm the judgment of the Circuit Court.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed;**
**Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and CHARLES D. SUSANO, JR., JJ., joined.

Billy Joe Smith, Mountain City, Tennessee, *pro se*.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; and Heather C. Ross, Senior Counsel, Attorney General's Office, Nashville, Tennessee, for the Appellees, Steve Finney and Lisa Nidifer

K. Erickson Herrin, Johnson City, Tennessee, for the Appellees, Debbie Barron and Steve Smith

Thomas L. Kilday, Greeneville, Tennessee, for the Appellees, Gregg Masters, Ron Arnold and David Pauley

**OPINION**

The record reflects that on January 9, 1995, in the Criminal Court for Unicoi County, Mr. Smith was convicted of two counts of aggravated rape, one count of aiding and abetting aggravated rape, one count of aggravated robbery and one count of aggravated kidnaping. In consequence of these convictions, on February 14, 1995, Mr. Smith was sentenced to 135 years in prison. Mr.

Smith's convictions were subsequently affirmed by the Court of Criminal Appeals on February 11, 1997. Mr. Smith further appealed his convictions for aggravated rape, aiding and abetting aggravated rape and aggravated kidnaping to the Tennessee Supreme Court and on September 28, 1998, the Supreme Court affirmed those convictions.

On March 21, 2001, Mr Smith filed a complaint in the Johnson County Circuit Court titled **"42 U.S.C. § 1983 COMPLAINT FOR VIOLATION OF CIVIL RIGHTS GUARANTEED BY THE CONSTITUTION OF THE UNITED STATES OF AMERICA."** In his complaint Mr. Smith requests compensatory and punitive damages for alleged violations of his rights under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the federal Constitution with regard to the above criminal convictions. The thirteen defendants named in the complaint are as follows: assistant attorneys general, Lisa Nidifer and Steve Finney; Johnson City police officers, Debbie Barron and Steve Smith; Unicoi County Sheriff's Department deputies, Ron Arnold and David Pauley; Unicoi County Circuit Court Clerk/Criminal Court Clerk, Gregg Masters; Mr. Smith's attorney, William B. Lawson, and the following persons who served as jurors in the criminal case - Darlene Hill, Pat Gouge, Kim Gouge, Earl Bennett and C. Rice. These thirteen defendants are designated as the Appellees in this case.

Pursuant to 28 USC 1441, *et seq.* Mr Smith's complaint was removed to the Federal District Court by eleven of the thirteen defendants with consent of a twelfth. Although the thirteenth defendant, C. Rice, did not join in the removal, it does not appear that she was served with process and her participation in the removal was, therefore, not relevant[1]. Upon the defendants' motions to dismiss and/or for summary judgment, on May 25, 2001, the District Court filed an order and memorandum opinion dismissing all federal claims against each of the twelve defendants. The District Court declined to exercise supplemental jurisdiction over any State law claims that might have been raised in the complaint and remanded the case to the Circuit Court.

Upon remand the Circuit Court dismissed Mr. Smith's complaint by order filed July 11, 2001, upon grounds that the only causes of action asserted in the complaint were for violations of specific Amendments to the United States Constitution and upon the additional ground that Mr. Smith had failed to file an inmate affidavit as required by T.C.A. 41-21-805. Mr. Smith filed a motion to alter or amend judgment on August 2, 2001, which was denied by order of the Court entered August 28, 2001. Mr. Smith now appeals the order of August 28, 2001, denying his motion to alter or amend the Court's prior order of July 11, 2001.

Our review of a case such as this one is *de novo* upon the trial court record with a presumption that the trial court's factual findings are correct unless the evidence preponderates to

---

[1] Although Mr. Smith refers to this defendant as merely "C. Rice" in his complaint, subsequent pleadings filed in the case refer to this defendant as "Constance" or "Cordell" Rice. The District Court notes in its memorandum opinion that this defendant was not served with process and our review of the record verifies the District Court's determination in this regard. Because there is no proof that Ms. Rice was ever served with a copy of Mr. Smith's complaint, she is not a party to this appeal.

the contrary. Tenn.R.App.P. 13(d). There is no presumption of correctness as to the trial court's conclusions of law. *Campbell v. Florida Steel.*, 919 S.W.2d 26 (Tenn. 1996).

In his motion to alter or amend filed on August 2, 2001, Mr. Smith notes that the Circuit Court based its dismissal of his complaint upon the following grounds:

1.Failure to allege any further causes of action other than the mentioned violations of the U.S. Constitution.
2.Failure to submit an affidavit pursuant to T.C.A. 41-21-805.

The motion further states:

**THE PLAINTIFF WILL ONLY ADDRESS THOSE ISSUES CITED BY THE COURT FOR IT'S DISMISSAL, AS THEY ARE THE ONLY REASONS THAT COUNT AND BARE** [sic] **ANY VALIDITY UPON THIS CASE.**

The import of the Circuit Court's finding that Mr. Smith's complaint does not assert any causes of action other than violations of Amendments to the U.S. Constitution is that the complaint does not assert any claims under Tennessee law. Mr. Smith disagrees and contends that the District Court indicated that there were unresolved state law claims when, according to Mr. Smith, the Court "remanded the case back to the trial court to settle the **REMAINING** State law claims."(emphasis in original) Mr. Smith further contends that his complaint "plainly states that the appellees violated laws governing the State of Tennessee, and not just constitutional violations."

We disagree with Mr. Smith's assertion that the District Court remanded the case to the trial court to settle "remaining state law claims". In fact, the District Court's memorandum opinion shows that it remanded the case to the Circuit Court after declining "to exercise supplemental jurisdiction over any state law claims that *might* have been raised in this action." (italics added) There is no indication that the District Court found that Mr. Smith's complaint raised state law claims.

Our review of Mr. Smith's complaint shows that each cause of action as set forth therein alleges violation of a specific Amendment to the United States Constitution and the complaint makes no reference to any laws of this state which were allegedly violated:

## VIII. FIRST CAUSE OF ACTION

The actions, inactions, and acquiescence of defendants' Nidifer, Finney, Barron, Smith, Arnold, and Lawson violated the rights guaranteed and protected by the U.S. Constitutional Amendment IV.

## IX.  SECOND CAUSE OF ACTION

The actions, inactions, and acquiescence of the defendants as herein mentioned violated the rights guaranteed and protected by the U.S. Constitutional Amendment V.

## X.  THIRD CAUSE OF ACTION

The actions, inactions, acquiescence of the defendants as herein mentioned violated the rights guaranteed and protected by the U.S. Constitutional amendment mendment VI.

## XI.  FOURTH CAUSE OF ACTION

The actions, inactions, and acquiescence of defendants as herein mentioned violated the rights guaranteed and protected by the U.S. Constitutional Amendment VIII.

## XII.  FIFTH CAUSE OF ACTION

The actions, inactions, and acquiescence of the defendants as herein mentioned violated the rights guaranteed and protected by the U.S. Constitutional Amendment XIV.

Given such specificity regarding alleged violation of U.S. Constitutional Amendments without any accompanying reference to any specific violations of state law and based upon our review of Mr. Smith's complaint as a whole, we are compelled to agree with the Trial Court's conclusion that no state law claims were raised in this case.  Although a *pro se* complaint, such as the one filed by Mr. Smith is granted a liberal construction by this Court, such a complaint must still comply with applicable procedural and substantive law. *Irvin v. City of Clarksville,* 767 SW2d 649 (Tenn. Ct. App. 1988). *A pro se* litigant is not entitled to shift the burden of litigating his case to the courts. *Whitaker v. Whirlpool Corp., et al,* 32 S.W.3d 222 (Tenn. Ct. App. 2000).

Although we recognize that Tennessee courts also entertain jurisdiction of claims filed pursuant to 42 U.S.C. 1983,  it is our determination that all such claims in this case were disposed of by the order and memorandum opinion of the District Court entered on May 25, 2001, both of which are attached as an appendix to this opinion.

It being our determination that Mr. Smith raised no causes of action in his complaint under state law, we need not further determine whether the dismissal of his complaint is supported on additional grounds such as failure to file an inmate affidavit as required by T.C.A. 41-21-805.

For the foregoing reasons the judgment of the Circuit Court is affirmed and the cause remanded for such further proceedings, if any, as may be necessary and for collection of costs below. Costs of appeal are adjudged against Billy Joe Smith.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE