IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 4, 2002 Session

## GREG MELTON, ET AL. v. GERALD M. MELTON, ET AL.

**A Direct Appeal from the Chancery Court for Bedford County**
**No. 23,866     The Honorable J. B. Cox, Judge**

**No. M2002-00532-COA-R3-CV - Filed December 11, 2002**

Beneficiaries of irrevocable insurance Trust filed a Complaint against the Trustees, seeking to have the corpus of the trust distributed and the Trust terminated by its own terms. One Trustee, acting *pro se*, answered the Complaint. Beneficiaries filed a Motion for Summary Judgment supported by their joint affidavits. No response or countervailing affidavit was filed, and an Order was entered granting the Motion. Trustee appeals. We affirm

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and HOLLY KIRBY LILLARD, J., joined.

Richard L. Dugger, Shelbyville, For Appellant, Gladys S. Melton

Andrew C. Rambo, Shelbyville, For Appellees, Greg S. Melton and Gordon C. Melton

**OPINION**

On December 30, 1996, David C. Melton ("Decedent" or "Grantor") set up an irrevocable life insurance trust (the "Trust")[1], naming Gerald M. Melton and Gladys Smith Melton[2] ( "Appellant," "Defendant," or "Trustee") as Trustees, and his sons, Gordon C. Melton and Greg S. Melton (together with Gerald M.. Melton, "Appellees," "Plaintiffs," or "Beneficiaries")

---

[1] The corpus of the Trust was $518,416.65 (as of October 29, 1998), which constitutes the proceeds of a life insurance policy plus interest and premium refund. These funds are in form of a certificate of deposit at First Community Bank of Bedford County.

[2] Gladys Smith Melton is the widow of Grantor and the stepmother of her co-Trustee, Gerald M. Melton, and the other Beneficiaries of the Trust, Gordon C. Melton and Greg S. Melton.

Beneficiaries.[3] The dispositive provisions of the Irrevocable Trust Agreement provide, *inter alia*, that:

> If the Grantor shall die within three (3) years from the date any insurance policy transferred to the Trustees, or the insurance policy proceeds are otherwise includable in the gross estate for federal tax purposes of the Grantor, the trust shall terminate as to such insurance policy and its proceeds to the estate of Grantor.

Grantor died on October 29, 1998, which was within three years of setting up the Trust. A dispute arose between the Trustee and the Beneficiaries as to whether death and other taxes were payable from the Trust monies prior to distribution. On September 27, 2001, Greg S. Melton and Gordon C. Melton filed a Complaint against Gerald M. Melton and Gladys S. Melton, claiming that "[a]n actual controversy of a justiciable nature exists between the plaintiffs and defendants, involving the rights and liabilities under the David C. Melton Trust." According to the Complaint, Plaintiffs sought a "Declaratory Judgment under Tenn. Code Ann. § 29-14-101 et seq. to determine the rights of all the interested parties with respect to the [Trust]...." By this Complaint, the Plaintiffs sought to have the corpus of the Trust distributed to the Beneficiaries. Acting *pro se*, Gladys S. Melton filed an Answer on October 31, 2001. On November 16, 2001, Appellees filed a Motion for Summary Judgment along with an affidavit stating that the "clear language of the Trust provides that should the Grantor David C. Melton die within three years of making the trust the trust shall terminate." Hearing on the Motion for Summary Judgment was set for December 21, 2001 and Notice was filed on November 16, 2001; however, Appellant Gladys S. Melton, still acting *pro se*, filed no response to the Motion for Summary Judgment. Before the hearing, Gladys S. Melton retained an attorney and, on December 20, 2001, filed a Motion for Continuance. A hearing on all motions was held on December 21, 2001 and an Order was entered on December 28, 2001, which denied Gladys S. Melton's Motion for Continuance and granted the Appellees' Motion for Summary Judgment. In pertinent part, the Order reads as follows:

> 1. The defendant trustee, Gerald M. Melton, has not made an appearance in this cause.
>
> 2. The defendant Gladys S. Melton, has filed an answer pro se and admitted in open court the receipt of the notice of hearing and Motion for Summary Judgment as certified by counsel for plaintiffs as being mailed November 15, 2001.
>
> 3. The court acknowledges the notice of appearance by the Honorable Richard L. Dugger as counsel for the defendant trustee, Gladys S. Melton, filed December 20, 2001, and finds that the Motion

---

[3] In addition to being a Trustee, Gerald M. Melton is also a named Beneficiary of the Trust, along with his brothers Gordon C. Melton and Greg S. Melton.

for Continuance filed together therewith is not timely or well taken and therefore should be overruled.

\* \* \*

6. The Clerk and Master should deduct from the funds deposited all the cost and fees in this cause and then distribute in equal shares the remaining proceeds of the trust to the beneficiaries, Gerald M. Melton, Greg S. Melton, and Gordon C. Melton.

On January 12, 2002, Gladys S. Melton filed a Motion to Reconsider. In support of her Motion, Mrs. Melton also filed the Affidavit of Joe M. Lambert, Jr., Attorney for the Estate of David C. Melton. The Motion to Reconsider was heard on January 25, 2002 and an Order denying the Motion was entered on February 1, 2002. In pertinent part, the Order reads:

...the court finds that the affidavit [of Mr. Lambert] does not contain any facts that were not within the knowledge or should have been within the knowledge of the defendant trustee, Gladys S. Melton, if she was exercising due diligence. Further, the court finds that even considering the substance of the affidavit, same does not present any material facts relating to the trust that would be in dispute. The matters concerning payment of taxes in the trustor's estate raised in the affidavit are unrelated to the matters in controversy and as the estate is not closed it would require the court to speculate in making a ruling.

Appellant Gladys S. Melton filed a timely Notice of Appeal and raises one issue for our review as stated in her brief: Whether contradictory affidavit submitted by the attorney for an estate within 30 days after the entry of a Summary Judgment Order is sufficient to set aside a Summary Judgment, if said affidavit presents a material dispute of fact.

A motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. *See* Tenn. R. Civ. P. 56.04. The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. *See Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997). On a motion for summary judgment, the court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. *See id.* In *Byrd v. Hall*, 847 S.W.2d 208 (Tenn. 1993), our Supreme Court stated:

Once it is shown by the moving party that there is no genuine issue of material fact, the nonmoving party must then demonstrate, by affidavits or discovery materials, that there is a genuine, material fact

-3-

dispute to warrant a trial. In this regard, Rule 56.05 provides that the nonmoving party cannot simply rely upon his pleadings but must set forth *specific facts* showing that there is a genuine issue of material fact for trial.

*Id.* at 210-11 (citations omitted)(emphasis in original).

Summary judgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion. *See Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995). Since only questions of law are involved, there is no presumption of correctness regarding a trial court's grant of summary judgment. *See Bain*, 936 S.W.2d at 622. Therefore, our review of the trial court's grant of summary judgment is *de novo* on the record before this Court. *See Warren v. Estate of Kirk*, 954 S.W. 2d 722, 723 (Tenn. 1997).

Mrs. Melton first argues that "based on the pleadings where the Appellee and the Appellant state there is a dispute of rights and liabilities in and to the trust, creates a material dispute of fact in and of themselves, whereby the facts must be heard by the Court for a determination as to who is entitled to said trust insurance proceeds." We do not agree. Under the plain language of *Byrd v. Hall* and Tenn. R. Civ. P., the nonmoving party cannot rely upon their pleadings to prove that a material dispute of fact exists. The pleadings in this matter are, therefore, not dispositive on this issue.

Mrs. Melton did not respond to Appellees' Motion for Summary Judgment. Rather, after the Order granting summary judgment was entered, she filed a Motion to Reconsider and, with that filing, proffered the Affidavit of the attorney for the estate. In making her argument that there is a dispute of material facts related to the trust, Mrs. Abernethy wishes to rely upon Mr. Lambert's Affidavit. In pertinent part, Mr. Lambert's Affidavit reads as follows:

> 2) On or about August 16, 1999, a meeting was held at my [Mr. Lambert's] office. Present at that meeting were Gladys Melton and her attorney, Robert L. Dugger, Greg Melton, Gerald Melton, Gordon Melton and their attorney, Andrew C. Rambo. All those present at said meeting constituted all of the heirs of David C. Melton.
> 3) It is my recollection that one of the matters discussed at that meeting was the payment of Federal and Estate Inheritance Tax and any additional estate tax that might arise due to adjustments to the Federal and/or TN Estate and Inheritance Tax. The concern, however, was to retain in the estate sufficient funds in the estate to pay additional assessments if any.
> 4) ...It was agreed to my recollection , that all taxes would be paid by the estate and the remainder distributed to the beneficiaries shortly after the above referenced meeting, and any additional assessments would be paid from the monies held by the irrevocable life insurance

trust since there were no longer be [sic] any funds available in the estate. It is further my recollection that to the extent that the residuary estate was reduced by Federal and Estate Inheritance Tax that Gladys S. Melton would be entitled to repayment of one-fourth (1/4) of the total taxes, said payment to be made from the irrevocable life insurance trust if sufficient monies were available after the payment of any additional taxes.

As noted above, this Affidavit was filed after the hearing on Appellees' Motion for Summary Judgment and, indeed, after the Order had been entered granting that Motion. We appreciate the fact that Mrs. Melton was action *pro se* when she failed to respond to the Appellees' Motion for Summary Judgment and we note that *pro se* litigants are entitled to fair and equal treatment. ***See Childs v. Duckworth***, 705 F.2d 915, 922 (7th Cir.Ind.1983). However, *pro se* litigants are not excused from complying with the same substantive and procedural requirements that other represented parties must adhere to. ***See Irvin v. City of Clarksville***, 767 S.W.2d 649, 652 (Tenn. Ct. App.1988). The plain language of Tenn. R. Civ. P. 56.03 states that:

> Any party opposing the motion for summary judgment must, *not later than five days before the hearing,* serve and file a response to each fact set forth by the movant either (i) agreeing that the fact is undisputed, (ii) agreeing that the fact is undisputed for the purposes of ruling on the motion for summary judgment only, or (iii) demonstrating that the fact is disputed. Each disputed fact must be supported by specific citation to the record. Such response shall be filed with the papers in opposition to the motion for summary judgment.

*Id.* (emphasis added)

As Chancellor Cox noted in his December 28, 2001 Order granting Appellees' Motion for Summary Judgment, Mrs. Melton "admitted in open court that she had received notice of [the] hearing." This notice was mailed on November 15, 2001, which was thirty-six (36) days before the hearing on December 21, 2001. Under Tenn. R. Civ. P. 56.03, Mrs. Melton had until December 16, 2001 to file a response to Appellees' Motion. We find that this was ample time for Mrs. Melton to file a response *pro se* or to contact an attorney to proceed on her behalf. We note that Mrs. Melton did, in fact, obtain an attorney, Richard L. Dugger. Mr. Dugger filed a Motion for Continuance and Notice of Appearance on December 20, 2001. The Motion for Continuance states that "[Mrs. Melton] was unable to reach counsel until 7:00 a.m. on the morning of December 20, 2001 to discuss the matter," but does not assert that Mrs. Melton attempted to contact counsel prior to that time. The December 20, 2001 filing was not timely since the December 16, 2001 deadline for filing a response to the Appellees' Motion for Summary Judgment had expired.

Turning to the Affidavit of Mr. Lambert, which was filed in conjunction with Mrs. Melton's Motion to Reconsider, we find that any facts asserted by Mr. Lambert were known to Mrs. Melton as of August 16, 1999, the date of the meeting in Mr. Lambert's office with all heirs of David C. Melton present. Consequently, these facts could have been alleged by Mrs. Melton at any time on or prior to December 16, 2001. But even if we look beyond this failure to exercise due diligence, we nonetheless find that Mr. Lambert's Affidavit does not present disputed facts directly related to the Trust.

For the foregoing reasons, we affirm the Order of the trial court granting summary judgment to Appellees. Costs of this appeal are assessed to the trust to be paid by the trial court clerk and master from the funds on deposit.

_____
W. FRANK CRAWFORD, PRESIDING
JUDGE, W.S.