IN THE COURT OF APPEALS OF TENNESSEE

FILED

October 30, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | |
|---|---|
| GERALD POATS and CECILIA E. POATS, | ) C/A NO. 03A01-9704-CH-00138 |
| | ) |
| Plaintiffs-Appellants, | ) |
| | ) |
| | ) APPEAL AS OF RIGHT FROM THE |
| | ) McMINN COUNTY CHANCERY COURT |
| v. | ) |
| | ) |
| | ) |
| | ) |
| CHARLES E. NELSON, | ) |
| | ) HONORABLE EARL H. HENLEY, |
| Defendant-Appellee. | ) CHANCELLOR |


For Appellants

BOYD W. VENABLE, III
Shanks & Blackstock
Knoxville, Tennessee

For Appellee

JEFFREY L. CUNNINGHAM
Carter, Harrod & Cunningham
Athens, Tennessee


O P I N I O N


AFFIRMED AND REMANDED                                    Susano, J.

This case arose out of a contract for the sale of real estate. The plaintiffs, Gerald Poats and his wife Cecilia E. Poats (collectively, "the Poats"), sued Charles E. Nelson ("Nelson"), claiming that Nelson had breached a contract for the conveyance of two lots in an "airpark" subdivision with access to the McMinn County Airport. At the close of the Poats' proof, the trial court granted Nelson's motion to dismiss the complaint pursuant to Rule 41.02(2), Tenn.R.Civ.P. The Poats appealed, raising two issues which present the following questions for our review:

> 1. Where Nelson contracted to sell the Poats two lots in a subdivision and the Poats paid for the two subdivision lots, would knowledge by the Poats of some further approval necessary for airport access bar an action for breach of contract, in light of the fact that Nelson assured the Poats that such approval would be granted and was a mere formality?
>
> 2. Did Nelson's use of a plat map, restrictions, and references to the Lot numbers in the Bills of Sale constitute a violation of T.C.A. § 13-3-410, and as a result of that violation should the trial court have granted such relief as was equitably appropriate under the circumstances?

Nelson raises the following issues in his brief:

> 1. Did the Chancellor correctly dismiss the plaintiffs' claims of negligent misrepresentation or fraudulent inducement to contract, when the truth and facts of the alleged misrepresentation were known to the plaintiffs prior to entering into the contract?
>
> 2. Is a private right of action pursuant to T.C.A. § 13-3-410 available to the plaintiffs

2

when the same has not been pled in the complaint as a ground for equitable relief?

3.  Are the plaintiffs' claims barred by the doctrine of merger?

4.  Are the plaintiffs' claims barred by the statute of limitations?

We affirm.


I


The Poats and Nelson became acquainted through their membership in the Swift Association, a national organization, based in Athens, Tennessee, of owners of Swift Airplanes.  At a 1986 Swift Association convention, Nelson, who was the president of the Swift Association, approached the Poats about purchasing a lot in a planned subdivision in Athens.  The subdivision was to consist of lots that were suitable for the construction of homes and airplane hangars.  Each lot would also provide access to the McMinn County Airport.

In December, 1986, the Poats met with Nelson to discuss purchasing a lot in the subdivision.  Nelson showed them a plat map, which was designated as a "proposal" for the "McMinn County Airpark."  On December 30, 1986, the Poats and Nelson executed two bills of sale, by which the Poats purchased two lots in the "McMinn Co. Airpark."  Mr. Poats testified that, at the time of the conveyances, he was aware that airport access for the subdivision had not yet been approved.  Nelson, however, assured the Poats that a majority of the local county commissioners

3

supported his plan, and that there would be little difficulty in obtaining approval for access to the airport.

In April, 1987, the Poats received the warranty deeds for the two lots and commenced the construction of an airplane hangar on the property. They subsequently sold their home in Indiana and moved to Athens. As promised, Nelson petitioned the County Commission for permission to build his proposed airpark. Mr. Poats attended some meetings of the Commission's Airport Committee with Nelson. In the meantime, the Poats built a home on their new property. Nelson ultimately addressed the County Commission on September 19, 1989, at which time the Commission refused to approve airport access for the subdivision. Nelson subsequently presented a different proposal and filed complaints in the McMinn County Chancery Court and with the Federal Aviation Administration, all of which proved to be unsuccessful.

As a result of the denial of airport access to the subdivision, the Poats could no longer house their aircraft in the hangar on their property, since the expense and effort involved in transporting the plane to the airport was substantial. They instead were required to rent hangar space at the airport. They subsequently filed this action, claiming that Nelson had breached the bills of sale by failing to provide lots with airport access, i.e, lots in an "airpark" subdivision. Arguing that they would not have purchased the subject property had they known that approval of the airpark and access to the airport would be denied, the Poats sought damages for breach of contract, or, in the alternative, rescission of the bills of

4

sale[1]. Following the presentation of the Poats' proof, Nelson moved for an involuntary dismissal pursuant to Rule 41.02(2), Tenn.R.Civ.P. The trial court granted Nelson's motion, finding that the Poats

> ...had shown no right to relief in this cause in that [they] knew at the time of the transactions in question... that the proposed airpark had not been approved. The Court further finds that while both the plaintiffs and the defendant may have expected approval of the proposed airpark at an uncertain time in the future, that such expectation was not a certainty and that all parties knew of the uncertainty at the time of entering into the transaction....

The trial court thus dismissed the Poats' complaint, and this appeal followed.

II

In the case of **Atkins v. Kirkpatrick**, we addressed the procedures by which a trial court is to determine whether to grant a Rule 41.02(2) motion for involuntary dismissal:

> If a motion to dismiss is made at the close of Plaintiffs' proof in a non-jury case, under T.R.C.P. Rule 41.02(2), the trial court must impartially weigh and evaluate the evidence just as though it were making findings of fact and conclusions of law after presentation of all the evidence. If the plaintiff's case has not been established by a preponderance of the evidence, the case should be dismissed if, on the facts found in the applicable law, plaintiff has shown no

---

[1] At oral argument, counsel for the Poats stated that his clients are not seeking rescission of the bills of sale; likewise, the Poats do not raise the question of rescission in their brief. Thus, we need not consider whether that doctrine is applicable to the facts before us.

right to relief. ***City of Columbia v. C.F.W.
Construction Co.***, 557 S.W.2d 734 (Tenn.1977).

***Atkins v. Kirkpatrick,*** 823 S.W.2d 547, 552 (Tenn.App. 1991); *see
also* ***Smith v. Inman Realty Co.***, 846 S.W.2d 819, 822 (Tenn.App.
1992) and ***Derryberry v. Hill***, 745 S.W.2d 287, 290 (Tenn.App.
1987).

Our standard of review of a trial court's decision to
grant an involuntary dismissal under Rule 41.02(2) is in
accordance with Rule 13(d), T.R.A.P. ***Atkins***, 823 S.W.2d at 552;
***Irvin v. City of Clarksville***, 767 S.W.2d 649, 653 (Tenn.App.
1988); ***Derryberry***, 745 S.W.2d at 290. Thus, we are required to
review the record *de novo* and to presume that the factual
findings of the trial court are correct, unless the evidence
preponderates otherwise. Rule 13(d), T.R.A.P.; ***Atkins***, 823
S.W.2d at 552; ***Irvin***, 767 S.W.2d at 653; ***Derryberry***, 745 S.W.2d
at 290.

III

We shall first address the question of whether the
trial court properly dismissed the Poats' complaint. The Poats
argue that the trial court erred in dismissing their claim
because they knew, at the time of contracting, that further
governmental approval was necessary to procure airport access.
They contend that Nelson's assurance that obtaining such approval
was a mere formality constitutes a misrepresentation sufficient
to give rise to an action for breach of the bills of sale. In

6

short, the Poats argue that they did not receive what they had contracted for -- two lots in an airpark subdivision, with access to the airport.

Nelson, on the other hand, contends that the trial court properly dismissed the complaint, given the Poats' knowledge of the uncertainty surrounding the approval of airport access. Nelson also argues that the Poats' claim is more properly characterized as a claim for misrepresentation or fraudulent inducement to contract.

Although we disagree with Nelson's assessment of the nature of the Poats' claim, we believe that the trial court correctly granted a dismissal under Rule 41.02(2), Tenn.R.Civ.P. The proof clearly establishes that, at the time they entered into the transactions, the Poats were aware that approval had not been obtained for access to the airport. Mr. Poats testified that when he purchased the property, he knew that the County Commission had not taken official action to approve the airpark.

Therefore, the granting of access to the airport was not a certainty at the time the bills of sale were executed, but was merely an event that the parties expected would occur at some point in the future. Furthermore, there is nothing in the contracts or elsewhere in the record to indicate that Nelson's assurances rose to the level of a guarantee or warranty. Given the knowledge of the parties, the use of the term "airpark" in the bills of sale cannot provide the basis for a breach of contract claim. The Poats were aware that the ultimate decision

7

regarding airport access rested not with Nelson, but with the appropriate governmental entities.  Having used his best efforts to obtain approval of such access, Nelson cannot be found to have breached the contracts simply because the anticipated approval was never granted.  Under these circumstances, therefore, the Poats have shown no right to relief.  *Atkins*, 823 S.W.2d at 552.

IV

The Poats also contend that Nelson's use of a subdivision plat map, restrictions and lot numbers in selling the subject lots constitutes a violation of T.C.A. § 13-3-410, which prohibits a sale of land

> ...by reference to or exhibition of or by other use of a plat of subdivision of such land without having submitted a plat of such subdivision to the regional planning commission and obtained its approval....

*Id.*  They argue that such violation entitles them to equitable relief.

Our review of the record reveals that the Poats did not raise this issue prior to this appeal.  It is well-established that issues not raised at the trial level will not be considered for the first time on appeal.  *Book-Mart of Florida v. National Book Warehouse*, 917 S.W.2d 691, 694 (Tenn.App. 1995); *Sparks v. Metropolitan Gov't of Nashville and Davidson County*, 771 S.W.2d 430, 434 (Tenn.App. 1989).  For this reason, we will not address the Poats' second issue.

8

Accordingly, we hold that the trial court properly dismissed the Poats' complaint in accordance with Rule 41.02(2), Tenn.R.Civ.P.  In light of this conclusion, it is not necessary that we reach the additional issues raised by Nelson.

The judgment of the trial court is affirmed.  Costs on appeal are taxed to the appellants and their surety.  This case is remanded to the trial court for the collection of costs assessed there, pursuant to applicable law.

_____
Charles D. Susano, Jr., J.


CONCUR:


_____
Houston M. Goddard, P.J.


_____
Don T. McMurray, J.