# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

March 16, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

RICKY LEE OLDHAM,   )
          )
  Plaintiff/Appellant,  )  Davidson Chancery
          )  No. 98-2036-II
VS.         )
          )
TENNESSEE DEPARTMENT OF )  Appeal No.
CORRECTION,     )  M1998-00852-COA-R3-CV
          )
  Defendant/Appellee.  )

APPEAL FROM THE CHANCERY COURT FOR DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE CAROL L. McCOY, CHANCELLOR

Attorney for Plaintiff/Appellant:   Attorney for Defendant/Appellee:

Ricky Lee Oldham, Pro Se     Paul G. Summers
              Attorney General and Reporter

              Abigail Turner
              Assistant Attorney General

**AFFIRMED AND REMANDED**

WILLIAM C. KOCH, JR., JUDGE

**MEMORANDUM OPINION**

This appeal involves a dispute between an inmate and the Tennessee Department of Correction ("Department") regarding deductions from the inmate's trust account to pay the court costs stemming from his criminal conviction. After his inmate grievance proved unsuccessful, the inmate filed a petition for a declaratory order in the Chancery Court for Davidson County seeking a declaration that the Department could not deduct funds from his inmate trust account without a court order. The trial court dismissed the inmate's petition because it did not state that the inmate had previously sought a declaratory order from the Department. The inmate asserts on this appeal that he should be excused from this requirement because he is undertaking to represent himself and because his grievance was tantamount to a petition for a declaratory order. We affirm the dismissal of the inmate's complaint in accordance with Tenn. Ct. App. R. 10(b).[1]

Ricky Lee Oldham is currently incarcerated in the Northwest Correctional Center in Tiptonville, Tennessee. Beginning in April 1996, prison officials began deducting funds from his inmate trust account to pay for $1,692.50 in costs stemming from his criminal conviction. When he questioned the basis for these deductions, prison officials provided him with a document from the circuit court clerk of Madison County certifying that the total cost in Mr. Oldham's criminal proceedings amounted to $1,692.50. Mr. Oldham filed an inmate grievance concerning these deductions because he believed that prison officials did not have the authority to make them. The grievance was dismissed on the ground that it was inappropriate because it dealt with a matter concerning an outside agency.

Thereafter, Mr. Oldham filed a petition for a declaratory judgment in the Chancery Court for Davidson County. The Department moved to dismiss the petition

---

[1]Tenn. Ct. App. R. 10(b) provides:

> The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion, it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

because it did not contain an allegation that Mr. Oldham had petitioned for a declaratory order and that the Department had refused to issue one. The trial court dismissed Mr. Oldham's petition. The trial court also taxed the costs of the proceeding to Mr. Oldham but permitted him to pay these costs at the rate of $5.00 per month. Mr. Oldham has appealed.

Tenn. Code Ann. § 4-5-225(a) (1998) empowers the Chancery Court for Davidson County to render declaratory judgments regarding the legal validity or applicability of a statute, rule, or order of an administrative agency to specified circumstances. However, Tenn. Code Ann. § 4-5-225(b) prevents the trial court from rendering a declaratory judgment if the person seeking it has not petitioned the agency for a declaratory ruling in accordance with Tenn. Code Ann. §§ 4-5-223, -224 (1998). Mr. Oldham's petition does not allege that he has complied with Tenn. Code Ann. §§ 4-5-223, -224, and the record contains no evidence permitting us to find that he did. Accordingly, the trial court correctly decided to dismiss his petition.

Mr. Oldham asserts that he should be excused from complying with Tenn. Code Ann. § 4-5-225(b) because he is untrained in the law and is attempting to represent himself. While the courts should construe the pleadings of pro se litigants liberally, pro se litigants are not excused from following the same procedural and substantive rules that represented parties are required to follow. *See Kaylor v. Bradley*, 912 S.W.2d 728, 733 n.4 (Tenn. Ct. App. 1995); *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988). Compliance with Tenn. Code Ann. §§ 4-5-223, -224 is a procedural prerequisite to a Tenn. Code Ann. § 4-5-225 petition. Without it, Mr. Oldham's petition must be dismissed.

Mr. Oldham also asserts that the inmate grievance proceeding is substantially the same as a petition for a declaratory order under Tenn. Code Ann. § 4-5-223. We disagree. The purpose of an inmate grievance is not to question the legal validity of a state statute, rule, order, or their application to a particular set of facts. Accordingly, pursuing an inmate grievance does not amount to substantial compliance with Tenn. Code Ann. § 4-5-225(b).

We affirm the order dismissing Mr. Oldham's petition and remand the case to the trial court for whatever further proceedings may be required. We also tax the costs of this appeal to Ricky Lee Oldham for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE

CONCUR:

_____
WILLIAM B. CAIN, JUDGE

_____
PATRICIA J. COTTRELL, JUDGE