IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 19, 2003

## JERRY LEE HARBIN v. CHRIS MARIE HARBIN

**Appeal from the Circuit Court for Hamilton County**
**No. 01D303     W. Neil Thomas, Judge**

**FILED JULY 16, 2003**

**No. E2002-01456-COA-R3-CV**

Chris Marie Harbin appeals a judgment entered by the Circuit Court for Hamilton County which decreed that the parties were divorced, awarded custody of their three minor children to their father, Jerry Lee Harbin, affirmed a visitation plan proposed by Mr. Harbin, which she signed, and ordered Mr. Harbin to pay token alimony ($1.00 per month) to her. She appeals the judgment of the Court. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed;**
**Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and CHARLES D. SUSANO, JR., JJ., joined.

Chris Marie Harbin, Appellant, *Pro Se*

Barbara S. Arthur, Rossville, Georgia, for the Appellee, Jerry Lee Harbin

### MEMORANDUM OPINION

Initially, Ms. Harbin was represented by counsel, but he withdrew prior to the date of the trial. No answer having been filed by Ms. Harbin, a default judgment was taken. She did not attend the trial, although it was reset at her instance from an earlier date.

On appeal, Ms. Harbin eventually filed what she apparently perceives to be an appropriate brief, which was prompted by an order of this Court directing that if her brief was not filed within a certain period of time the appeal would be dismissed.

The brief she filed, however, is woefully inadequate. First, it lists no issues on appeal as required by Tenn. R. App. P. 27, nor does it state what relief she is asking from this Court, except that she be granted custody of the minor children. Furthermore, the brief contains no statement of facts nor cites any law in support of her position.

To reiterate, the brief filed by Ms. Harbin is so infirm that review by this Court is impossible.

Even, however, had she listed issues regarding custody or otherwise it would appear they would most likely be dependent upon the facts adduced at trial. There is no transcript nor statement of the evidence filed, and under such circumstances we conclusively presume the judgment of the Trial Court is supported by the evidence introduced. *In re Anne Marie O'Donohue Rockwell*, 673 S.W.2d 512 (Tenn. Ct. App. 1983).

Finally, we realize that Ms. Harbin is appearing in this Court *pro se*, which, according to some cases, entitles her to a degree of deference relative to certain inadequacies, but certainly not the major ones found in her brief.

This Court addressed the question recently in *Paehler v. Union Planters Nat. Bank*, 971 S.W.2d 393 (Tenn. Ct. App. 1997), at page 396:

> Parties who choose to represent themselves are entitled to fair and equal treatment. *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn.App.1988). However, they are not excused from complying with applicable substantive and procedural law, and they must follow the same substantive and procedural law as the represented party. *Id.* (citations omitted).

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for such further proceedings, if any, as may be necessary and collection of costs below. Costs of appeal are adjudged against Chris Marie Harbin.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE