# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs March 6, 2006

## STATE OF TENNESSEE, EX REL. DONNIE DIANE LITTLE
### v.
## JAMES GEARIN

**An Appeal from the Juvenile Court for Gibson County**
**No. 7125      Robert W. Newell, Judge**

---

### No. W2005-01844-COA-R3-JV - Filed June 28, 2006

---

This appeal involves a retroactive modification of a child support order. The legal custodian of the child at issue received state benefits on behalf of the child. The State, on behalf of the custodian, filed a petition against the father to set child support. In August 2000, the trial court granted the petition, set child support, and entered an order establishing that the father owed a child support arrearage of $14,000 as of the date of the order. This order was not appealed. Years later, the father filed a petition for custody of the child. After a hearing, the trial court granted him custody of the child and terminated his future child support obligation. The trial court's order also gave the father a $2,962 "credit" toward the arrearage established in the August 2000 order. The State filed a motion to alter or amend, arguing that the trial court was not permitted to retroactively modify the arrearage established in the earlier order. This motion was denied. The State now appeals. We reverse, finding that the trial court erred in retroactively modifying the arrearage amount set out in the original order.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court is Reversed**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Paul G. Summers, Attorney General & Reporter, and Lauren S. Lamberth, Assistant Attorney General, Nashville, TN, for the appellant, State of Tennessee, ex rel. Donnie Diane Little.

James Gearin, appellee, *pro se.*

Rubina Gearin ("Mother") and Respondent/Appellee James Lee Gearin ("Father") are the biological parents of James Lee Gearin, Jr., born April 14, 1996. On March 24, 1997, Mother and Father executed a consent order giving temporary custody of the child to his paternal grandmother, Donnie Diane (Gearin) Little ("Grandmother"). While Grandmother had custody of the child, she received Title IV-D support from the Plaintiff/Appellant State of Tennessee ("State").

On July 3, 2000, the State, on behalf of Grandmother, filed a petition against Father to set child support. A hearing was conducted on August 8, 2000. A transcript of that hearing is not in the record. On August 14, 2000, the trial court entered an order finding that, as of the date of the hearing, Father was liable for $14,000 in back child support, based on an average gross monthly income of $2,269.80. Father was ordered to pay $93.45 per week for current support, and $31.50 each week toward the $14,000 arrearage. This order was not appealed.

In June 2001, the State petitioned for a modification in the August 2000 order of support based on a significant variance in Father's income. On July 5, 2001, the trial court entered an order granting the State's petition. Father's monthly obligation was reduced to $41.92 per week in current support plus $15.75 per week toward the remaining arrearage. In that order, the trial court determined that Father's arrearage as of June 7, 2001 was $13,163.78. This order was likewise not appealed.

On June 9, 2004, Father filed a motion seeking visitation, alleging that Grandmother had refused to permit him to see the child. Father also requested that custody be changed from Grandmother back to him. On September 8, 2004, the trial court entered an order granting Father full custody of the child and terminating his future child support obligation. The trial court set a hearing on October 6, 2005, to address the issue of Father's child support arrearage.

The October hearing was conducted as scheduled. The record does not include a transcript of that hearing. On December 22, 2004, the trial court entered an order finding that Father's remaining arrearage was $9,598.21, and ordered him to pay $15 per week toward that arrearage. The matter was set for further hearing on April 5, 2005.

The April 5, 2005 hearing was conducted. The record also does not include a transcript of that hearing. However, the record reveals that, at the hearing, Father presented a copy of his Lifetime Earnings Report from the Social Security Administration which showed that his income for the years

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

1997, 1998, 1999, and 2000 was lower than the income stream on which the August 2000 arrearage was based. Based on that evidence, the trial court reduced the original arrearage set out in the August 2000 order from $14,000 to $11,037, effectively giving Father a credit for $2,962.10. On April 19, 2005, the trial court entered an order recognizing that Father was in arrears in his child support payments in the amount of $8,336.38, but giving Father the $2,962.10 credit "based on Social Security readout provided by respondent in court."[2] The trial court determined that, after the "credit," the balance on Father's child support arrearage was $5,374.28.

On May 16, 2005, the State filed a motion to alter or amend and a motion to reconsider the April 2005 order, arguing that the trial court was not permitted to modify the August 2000 order when no motion to alter or amend that order was filed within thirty (30) days of its entry. On July 12, 2005, the trial court held a hearing, and a transcript of that hearing is included in the appellate record. The State argued that the August 2000 order establishing Father's child support arrearage at $14,000 was a final order that was not timely challenged. Therefore, the State contended, the trial court impermissibly reduced the $14,000 arrearage to $11,227.90 by relying on the evidence submitted by Father at the April 2005 hearing. Father appeared at the hearing *pro se*; he made no argument in his own defense, but stated, "Maximus [the Child Support Services agency] has got me in a loophole here and there ain't no way I can beat this anyway. Give her what she's asking for. . . . I will pay whatever y'all want me to pay, because I'm tired of messing with this mess." The trial court encouraged Father to get an attorney to represent him in the matter, but Father stated that he could not afford to hire an attorney. At the conclusion of the hearing, the trial court denied the State's motion to alter or amend, commenting that it would be unfair to hold Father to the same rules as an attorney.[3] On July 14, 2005, the trial court entered an order consistent with its oral ruling, holding in favor of Father and finding that "the Court of Appeals would not hold a citizen to the same standard as an attorney." From this order, the State now appeals. Father did not file a brief on his own behalf, so the appeal must be decided based on the record and on the brief filed by the State.

On appeal, the State makes the same argument as it did in the court below, that the trial court erred in reducing Father's $14,000 child support arrearage established in the August 2000 order based on new evidence, because the order was final and was not challenged by a timely motion to alter or amend and was not appealed. The trial court further erred, the State argues, in denying its motion to alter or amend. The facts of this case are undisputed, and the issue raised by the State is a question of law. Therefore, we review the issue *de novo* on the record, with no presumption of correctness. T.R.A.P. 13(d).

---

[2]The order actually states that the amount of the credit to be given was $3,561.90. This amount is apparently incorrect, because the record reflects that the credit was actually $2,962.10, which is consistent with the final calculation of the arrearage set out in the April 2005 order.

[3]The trial court stated, "Let's see what the appellate court says about it. . . . I don't mind some things, but some things just strike me as not being very fair."

When a court enters an order regarding a child support obligation, the order "shall be a judgment entitled to be enforced as any other judgment of a court of this state, and shall be entitled to full faith and credit in this state and in any other state." T.C.A. § 36-5-101(f)(1) (2005). Any unpaid child support is considered "in arrears, shall become a judgment for the unpaid amounts, and shall accrue interest from the date of the arrearage, at the rate of twelve (12%) per year." *Id.*

In its August 14, 2000 order, the trial court reduced to judgment Father's child support arrearage, determining the amount of the arrearage to be $14,000 as of August 8, 2000. In its July 5, 2001 order, the trial court relied on the previously-established arrearage of $14,000, lowered Father's monthly obligation, and calculated Father's remaining arrearage to be $13,163.78 as of June 7, 2001. Years later, in June 2004 when Father filed his petition for custody, the trial court addressed Father's child support arrearage and gave him a "credit" toward the original arrearage, based on new evidence of his income during the years 1997 through 2000. In doing so, the trial court retroactively modified the arrearage set out in the August 2000 order, which had long been a final order. It is well-settled that such orders are not subject to retroactive modification. ***Rutledge v. Barrett***, 802 S.W.2d 604, 605-07 (Tenn. 1991); ***see State ex rel. Mitchell v. Mitchell***, No. W2004-01320-COA-R3-JV, 2005 WL 913115, at *3 (Tenn. Ct. App. Apr. 20, 2005) (stating that a trial court may not forgive a child support arrearage but may only adjust a child support obligation back to the date of a petition to modify). This rule applies to all litigants, whether or not they are represented by an attorney. While *pro se* litigants are entitled to fair treatment, they are bound by the same procedural and substantive law as a party represented by a lawyer. ***See Irvin v. City of Clarksville***, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988). Therefore, the trial court erred in retroactively modifying the arrearage set out in its August 2000 order.

The decision of the trial court is reversed. Costs on appeal are to be taxed to Appellee James Gearin, for which execution may issue, if necessary.

_____
HOLLY M. KIRBY, JUDGE