IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs, January 4, 2011

## MATTHEW GOFORTH-LANGE, v. LISA B. LANGE

**Appeal from the Chancery Court for Washington County**
**No. 34788     Hon. G. Richard Johnson, Chancellor**

**No. E2010-00897-COA-R3-CV - Filed February 18, 2011**

Appellant, *pro se*, raised as issues the Trial Judge ordering him to deposit half of his income tax refund, and in ordering him not to have his children around fiance. The record contains an Order by the Trial Judge ordering appellant to pay into the Court half of his income tax refund, but the record is devoid of any order pertaining to the latter issue. The Order on the income tax refund recites that evidence was heard on that issue, but appellant has filed no transcript or statement of the evidence. Accordingly, the Trial Judge's ruling is conclusively presumed to be correct, and we affirm the Judgment of the Trial Court.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., and. D. MICHAEL SWINEY, J., joined.

Matthew Goforth-Lange, *pro se.*

## OPINION

The parties to this case were divorced in 2003, and they had entered into a Permanent Parenting Plan which gave the father alternate weekend visitation with the parties' four children, and provided the father would pay child support of $844 per month. The next document in the record is a Motion for Contempt that the father filed in 2006, which details various visitation disputes between the parties, and states that the parties engaged in

mediation with limited success, reaching an agreement with regard to counseling and some visitation. The father states that the mother refused to abide by their agreement, however, and had refused to allow him to see the children at the times they had agreed upon. The father stated that the mother had tried to alienate the children from him, and had even boxed up and returned the Christmas gifts that he sent the children. He asked for a new parenting plan and for a guardian ad litem to be appointed for the children.

The guardian ad litem reported that she had met with the parties and the children, and that the children were articulate, well-groomed, and well-mannered, but had way too much information about their parents' disputes, and were critical of their father, showing that he was often discussed in their household. The guardian commented that it was clear that while the children had been taught manners and proper behavior, they had not been taught to respect their father. The guardian recommended that the children spend more time with their father.

The next documents that appear in the record are new proposed parenting plans filed by the mother and father, but neither was approved by the Judge. Subsequently, the Court entered a "Supplemental Order" on February 5, 2010, stating that there would be no change in the child support. The Court then entered a second Supplemental Order on March 16, 2010, stating that the father would deposit half of his income tax refund with the clerk and master.

Father filed a Notice of Appeal on April 14, 2010.

The father's issues are:

1.      Whether the father should have been ordered to deposit half of his income tax refund with the clerk?

2.      Whether the Trial Court erred in ordering the father could not have the children around his fiancé?

The father argues that the Trial Court erred in ordering him to deposit one-half of his tax refund check with the clerk and master, since he is current on his child support obligation. The record contains a prior Supplemental Order which states the father's child support amount would remain the same, but there is nothing in the record to show whether the father owes any type of arrearage, nor what the Trial Court based its Order on wherein it states that the father should deposit one-half of his refund check with the clerk and master. That Order recites that the Court heard testimony before the entry of that Order, and this Court has no transcript of the evidence nor statement of the evidence to determine the basis for entering

-2-

the Supplemental Order.

As we have often stated, in the absence of a transcript or statement of the evidence, we have no choice but to presume that sufficient evidence existed to support the Trial Court's judgment. *Irvin v. City of Clarksville*, 767 S.W.2d 649 (Tenn. Ct. App. 1988). Since the father has not provided a transcript or statement of the evidence, we presume, as we must, that there was sufficient evidence to support the Trial Court's ruling that the father would deposit one-half of his tax refund with the clerk and master.

With regard to the father's second issue, the record does not contain an order which states that the father cannot have the children around his fiancé. Accordingly, the record is simply insufficient for this issue to be reviewed. The Trial Court is affirmed and the cause remanded, with the cost of the appeal assessed to the father, Matthew Goforth-Lange.

_____
HERSCHEL PICKENS FRANKS, P.J.