IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs, January 18, 2012

IN RE: ALEXIA R.L.H. and TRISTAN S.M.R.

Appeal from the Juvenile Court for Bradley County
No. J-07-354     Hon. Kurt Benson, Juvenile Substitute Judge

No. E2011-01063-COA-R3-JV-FILED-FEBRUARY 22, 2012

In this case the grandparents were awarded temporary custody of the mother's two minor children after the Court determined the children were dependent and neglected in the mother's care.  Subsequently, the Trial Court set child support payments from the mother to the grandparents based on the mother's social security disability benefits income.  The mother has appealed to this Court, and argues that the Trial Court erred in setting the amount of the mother's child support payments and contends that social security benefits are not subject to garnishment.  We affirm the Trial Judge on all issues and remand.

Tenn.  R. App. P.3 Appeal as of Right; Judgment of the Juvenile Court Affirmed.

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Yalonda Anne Barron, Cleveland, Tennessee, *pro se.*

OPINION

This action originated in Juvenile Court for Bradley County, with the filing of a Petition for Temporary Custody by Allen and Donna Lord, grandparents of Alexia, d.o.b. 2/28/99, and Tristan, d.o.b. 2/12/02, against respondent, Yalonda Barron (hereinafter

"mother"). [1] The Trial Court entered an Order in January 2008, finding the children to be dependent and neglected in the mother's care, and placed them in the temporary custody of the grandparents. The mother was ordered to pay child support of $50 per week.

Thereafter, there were numerous hearings regarding the child support, and in one of those hearings on January 26, 2009, the mother presented a doctor's note which said she was unable to work due to chronic illness. The Court suspended the matter for 90 days, set the mother's arrearage at $3,250 as of January 20, 2009, and ordered her child support obligation to continue at $50 a week. The next hearing was on April 28, 2009, and the mother again brought a note that said she was unable to work, and was attempting to get disability benefits. The court suspended the matter for six months, and set the mother's arrearage at $3,950.

On November 3, 2009, there was yet another hearing, and the Court found the mother had never made a child support payment, even though she was working in 2008, and noted the mother brought no medical records or documentation to the hearing that day, and thus found her in contempt and set a purge amount of $500. The Court also set the matter to be reviewed in 30 days, and set the mother's arrearage at $5,300. The Court ordered the mother to begin paying $60 per week, $50 for current support and $10 for the arrearage, and at the next hearing on May 25, 2010, the Court noted the mother had still not paid but had been approved for social security and "a modification is in process". The Court then found the mother's arrearage to be $6,010, and continued the current amount of support.

On November 4, 2010, the mother filed a Petition to Modify, stating she was drawing $745 per month in social security disability benefits, and that the child support enforcement office wanted to garnish her check for $316.50 per month. An Administrative Order for Modification of Current Support from DHS was filed with the Court on January 19, 2011, and it stated that pursuant to Tenn. Code Ann. §36-5-103(f), the mother's child support was being adjusted to $211 per month, plus $105.50 for the arrearage she owed, for a total of $316.50.

The referee held a hearing on the mother's petition and entered findings and recommendations on March 31, 2011. The referee found the mother's petition to modify was well-taken, and noted the referee did not understand why SSI was treated differently than disability. The referee found that only the difference between the mother's previous SSI payments and her current disability payments should be treated as income. The Court set the

---

[1]The appellant mother placed a call to the Appellate Court Clerk's office on January 23, 2012, to advise that Allen Lord had died on January 7, 2012. No suggestion of death or other filing regarding this matter has been filed in this Court, and the case was submitted for decision on the record and the mother's brief alone, which was filed on October 26, 2011.

mother's child support at $58 per month, with an additional $29 per month to be paid toward the arrearage. The Court also gave the mother credit toward her arrearage for the monthly payments the children received as derivative benefits.

The findings and recommendations were appealed, and the Juvenile Court held a hearing on April 7, 2011, and found the mother stated her only income was disability, and that the children drew $38 per month per child from her disability. The Court ruled that the disability was income for the purposes of setting child support, and that based upon her income, the mother's child support obligation should be $250 per month. The Court found the mother testified she spent about $200 per month for medical supplies, and thus that a downward deviation was appropriate. The Court set the mother's child support at $173.34 per month, being $151.57 in current support and $21.67 toward the arrearage of $4,179.34.

The mother filed a Notice of Appeal. We restate the issues as:

1.    Whether the Trial Court erred in setting the mother's child support?

2.    Whether the mother's social security disability benefits are subject to garnishment?

The mother argues that the Trial Court erred in setting her child support obligation, because her monthly disability benefits are her only income, and she asserts that she cannot pay her living expenses and still pay the court-ordered child support from what she draws every month. The mother filed no statement of the evidence nor transcript from the hearing, which prevents us from reviewing the evidence. *In the Matter of MR*, 2008 WL 2331030 (Tenn. Ct. App. June 3, 2008). In the absence of a transcript or statement of the evidence, we presume that sufficient evidence existed to support the Trial Court's decision regarding the mother's income and resulting child support obligation. *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652-653 (Tenn. Ct. App. 1988).

The Trial Court recognized the mother's only income was her monthly disability benefit, and also recognized the mother had significant medical expenses, thus granting her a downward deviation from the regular child support amount. On the record before us, there is no basis to find that the Trial Court erred in setting the mother's child support obligation.

Next, the mother takes issue with the fact that her social security disability payments can be garnished, while SSI payments cannot. That issue has been addressed by our Supreme Court in *Tennessee Dept. of Human Services ex rel. Young v. Young*, 802 S.W.2d 594 (Tenn. 1990). In that case, the Supreme Court recognized "a crucial distinction" between SSI and social security disability benefits, stating that "SSI payments are a form of public assistance

and have nothing to do with earnings a person may have had", but that social security disability benefits are "keyed to how much [a] person has paid into the Social Security System over time", thus warranting the arguable disparity in the fact that 42 U.S.C. § 659 waives the sovereign immunity that formerly protected Social Security disability benefits from legal process to collect child support payments, when no such waiver applies to SSI benefits. *Id.* The end result is that disability benefits can be garnished, but SSI payments cannot, as a matter of federal law. *Id.*

We affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed to Yalonda Barron.

Since the mother has advised the Court that the grandfather is now deceased, we direct the Trial Court to further consider the issue of custody and determine what is in the best interest of the minor children.

_____
HERSCHEL PICKENS FRANKS, P.J.