IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 1, 2013

## SHARON LYNN PUCKETT v.  BOBBY WAYNE PUCKETT

**Appeal from the Circuit Court for Greene County**
**No.  10CV497KTL      Kindall T.  Lawson, Judge**

**No.  E2012-02372-COA-R3-CV-FILED-AUGUST 15, 2013**

Sharon Lynn Puckett ("Wife") sued Bobby Wayne Puckett ("Husband") for divorce.  After a trial, the Trial Court entered its order on October 4, 2012 finding and holding, *inter alia*, that Husband was entitled to a divorce on the grounds of Wife's inappropriate marital conduct, that Wife was guilty of perjury, and that Wife was in contempt of court both for selling property during the pendency of the divorce in violation of the restraining order and for possessing a cell phone in court.  Wife appeals raising the sole issue of whether the Trial Court erred in refusing to grant her motion for recusal.  We hold that Wife failed to show any grounds justifying recusal, and we affirm.

**Tenn.  R.  App.  P.  3 Appeal as of Right; Judgment of the Circuit Court Affirmed;
Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which JOHN W. MCCLARTY and THOMAS R. FRIERSON, II, J.J., joined.

Sharon Lynn Puckett, Kingsport, Tennessee, *pro se* appellant.

Mark S.  Hanor, Kingsport, Tennessee, for the appellee, Bobby Wayne Puckett.

## OPINION

### Background

Wife sued Husband for divorce after twenty-nine years of marriage alleging, among other things, that Husband was guilty of adultery.  Husband answered Wife's complaint and filed a counterclaim alleging that Wife was guilty of inappropriate marital conduct.  During the pendency of the divorce, the parties each filed motions alleging that the

other party was in contempt. After a hearing on the contempt motions, the Trial Court denied Wife's motion for contempt and granted Husband's motion for contempt, in part, finding that Wife had failed to pay certain debts as ordered.

In May of 2012, Wife filed a motion seeking to have the trial judge recuse himself from the case. Wife supported this motion with her affidavit in which she alleged, in pertinent part, that while in the courtroom awaiting a hearing she was "shocked" at how the judge had treated other women, that the judge had stated during her hearing that he did not care about her health, that the judge had stated that he believed Husband's statements with regard to a health savings account, that Wife "felt belittled by [the judge's] comments to me and could not understand this with his knowledge that [Wife is] on disability for both psychiatric and physical conditions," and that the judge had "refused to believe [Wife's] fears about using the QDRO funds and he wanted to incarcerate [Wife] for not paying bills that [Wife] had been forced to agree to pay at mediation." Wife's affidavit also alleged that Wife felt she could not obtain a "fair and impartial hearing" from this judge. Husband filed a response to Wife's motion for recusal asking the Trial Court to deny the motion.

After a hearing on Wife's motion for recusal, during which Wife testified, the Trial Court entered its order on June 20, 2012 denying Wife's motion for recusal after finding that "no legal or ethical reason" had been shown justifying recusal. The case proceeded to trial.

After trial, the Trial Court entered its Judgment of Absolute Divorce on October 4, 2012, which, *inter alia*, granted Husband a divorce on the grounds of Wife's inappropriate marital conduct, divided the marital property and debts taking into account property Wife had wrongfully disposed of during the pendency of the divorce, awarded Wife alimony in futuro, found Wife guilty of perjury, and found Wife in contempt of court both for selling property during the pendency of the divorce in violation of the restraining order and for possessing a cell phone in court. Wife appeals to this Court.

**Discussion**

Although not stated exactly as such, Wife raises one issue on appeal: whether the Trial Court erred in refusing to grant her motion for recusal. Wife filed her motion seeking recusal on May 14, 2012.

Our Supreme Court has instructed:

By order filed January 4, 2012, this Court adopted Supreme Court Rule 10B, effective on July 1, 2012. The comments provide that the rule "shall have

prospective application only, applying to all motions for disqualification or recusal filed on or after that date." Tenn. Sup. Ct. R. 10B, § 3.03, Compiler's Notes. Because [plaintiff's] motion was filed prior to the effective date of the rule, the previous standard governing disqualification applies, as set out below:

> (1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where:
>> (a) the judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>> (b) the judge served as a lawyer in the matter in controversy, or a lawyer with whom the judge previously practiced law served during such association as a lawyer concerning the matter, or the judge has been a material witness concerning it[;]
>> (c) *the judge knows that he or she individually* or as a fiduciary, or the judge's spouse, parent, or child wherever residing, or any other member of the judge's family residing in the judge's household, *has an economic interest in the subject matter in controversy* or in a party to the proceeding or has any other more than de minimis interest that could be substantially affected by the proceeding;
>> (d) the judge or the judge's spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
>>> (i) is a party to the proceeding, or an officer, director or trustee of a party;
>>> (ii) is acting as a lawyer in the proceeding;
>>> (iii) is known by the judge to have a more than de minimis interest that could be substantially affected by the proceeding;
>>> (iv) is to the judge's knowledge

likely to be a material witness in the proceeding.

(2) A judge shall keep informed about the judge's personal, fiduciary, and economic interests, and make a reasonable effort to keep informed about the personal economic interests of the judge's spouse and minor children residing in the judge's household.

Tenn. Sup. Ct. R. 10, Canon 3(E) (2011) (emphasis added). Although recusal under this rule is discretionary, an objective standard applies. *State v. Cannon*, 254 S. W.3d 287, 307 (Tenn. 2008); *Davis v. Liberty Mut. Ins. Co.*, 38 S.W.3d 560, 565 (Tenn. 2001). A disqualification is required "'when a person of ordinary prudence in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality.'" *Cannon*, 254 S. W.3d at 307 (quoting *Davis*, 38 S. W.3d at 564). A litigant has the fundamental right to have a case heard and decided by fair and impartial judges. *Bean v. Bailey*, 280 S.W.3d 798, 803 (Tenn. 2009).

*Hooker v. Haslam*, 393 S.W.3d 156, 160-61 (Tenn. 2012) (footnote omitted). Because Wife's motion for recusal was filed prior to July 1, 2012, we must apply the standard of review as set out in *Hooker*.

We note that Wife is proceeding in this appeal *pro se*. In *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222 (Tenn. Ct. App. 2000), this Court observed that:

*Pro se* litigants are entitled to fair and equal treatment. *See Childs v. Duckworth*, 705 F.2d 915, 922 (7th Cir. 1983). *Pro se* litigants are not, however, entitled to shift the burden of litigating their case to the courts. *See Dozier v. Ford Motor Co.*, 702 F.2d 1189, 1194 (D.C. Cir. 1983). *Pro se* litigants are not excused from complying with the same substantive and procedural requirements that other represented parties must adhere to. *See Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988).

*Whitaker*, 32 S.W.3d at 227.

In her brief on appeal, Wife argues that because Husband did not specifically or generally deny the allegations contained in Wife's motion for recusal, such allegations should be deemed admitted. Wife cites to Tenn. R. Civ. P. 8.04 in support of her assertion.

In pertinent part, Tenn. R. Civ. P. 8.04 provides: "Averments in a pleading

-4-

to which no responsive pleading is required or permitted shall be taken as denied or avoided. Averments in a pleading to which a responsive pleading is required are admitted when not denied in the responsive pleading, ...." Tenn. R. Civ. P. 8.04. Wife's motion, however, is not a pleading. It is a motion. Rule 7 of the Tenn. R. Civ. P. details the pleadings allowed providing:

> There shall be a complaint and an answer; and there shall be a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summonsed under the provisions of Rule 14; and there shall be a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or to a third-party answer.

Tenn. R. Civ. P. 7.01. Wife's motion for recusal is not a pleading and, as such, Husband was not required to specifically or generally deny any allegations contained in the motion for recusal. We also note that Wife's allegations contained in her motion for recusal pertain not to Husband but rather to the trial judge. Wife's allegations as contained in her motion for recusal will not be deemed admitted.

Wife also asserts in her brief on appeal that because she read her motion for recusal[1] into the record during the hearing on her motion, this somehow "became a conflict of interest for [the judge] to remain on the divorce case." Wife's assertion is simply mistaken. Wife cannot create a conflict of interest simply by reading her allegations into the record. To hold otherwise would give any party the power to force the recusal of any judge without cause simply by reading or otherwise placing unsupported allegations against the judge into the record. This argument is without merit.

In her brief on appeal Wife makes a number of allegations concerning statements allegedly made by the trial judge. Wife asserts that the transcripts of various hearings contained in the record on appeal show the trial judge's "rage" and bias against Wife. We have very carefully and thoroughly reviewed all of the transcripts provided in the record on appeal and have found that the vast majority of Wife's allegations concerning statements allegedly made during the various hearings are simply fabrications. To illustrate, we quote the following allegations from Wife's brief on appeal:

**When I read my motion into record**, [the judge] said he had a perfect record.

---

[1] Wife actually read her affidavit in support of her motion for recusal into the record during this hearing, not her motion.

No-one [sic] had ever even filed a complaint against him. I said of course not, these women do-not [sic] know how to file a complaint against you. And all your local attorneys are afraid of you. So, how are common folks suppose [sic] to know. It is for sure no-one [sic] will help them. I told [the judge], things change and you are not a judge you are drunk on power and rule with fear. Well I am not afraid of you and I am not afraid to ask for a fair trial. Remember 911 remember all the ones that have died. That I may have a right for freedom in court. Our courts are made for people because to [sic] many have died for my freedom. They wrote it in there [sic] BLOOD. This was suppose [sic] to be on the record. **TRANSCRIPT OF MOTION HEARING JUNE 4, 2012.**

The record on appeal contains a full and complete copy of the transcript from the June 4, 2012 hearing. This transcript does not contain any of the conversation, or any exchange in any way similar to such a conversation, as Wife asserts occurred.

We have carefully and thoroughly reviewed the entire record on appeal, and we hold that Wife alleged no reasonable basis for seeking recusal. The fact that the Trial Court had ruled against Wife during the pendency of the case is insufficient. As our Supreme Court has explained:

> the mere fact that a judge has ruled adversely to a party or witness in a prior judicial proceeding is not grounds for recusal. Given the adversarial nature of litigation, trial judges necessarily assess the credibility of those who testify before them, whether in person or by some other means. Thus, the mere fact that a witness takes offense at the court's assessment of the witness cannot serve as a valid basis for a motion to recuse. If the rule were otherwise, recusal would be required as a matter of course since trial courts necessarily rule against parties and witnesses in every case, and litigants could manipulate the impartially issue for strategic advantage, which the courts frown upon.

*Davis v. Liberty Mut. Ins. Co.*, 38 S.W.3d 560, 565 (Tenn. 2001) (citations omitted).

We hold that a person of ordinary prudence in the trial judge's position, knowing all of the facts known to the judge, would find no reasonable basis for questioning the judge's impartiality. We, therefore, find no error in the Trial Court's denial of Wife's motion for recusal.

## **Conclusion**

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the appellant, Sharon Lynn Puckett.

_____
D. MICHAEL SWINEY, JUDGE