IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned On Brief November 21, 2003

## CYNTHIA ANN COOPER v. JAMES RONNIE COOPER

**Direct Appeal from the Chancery Court for Weakley County**
**No. 14518     W. Michael Maloan, Chancellor**

—————————

**No. W2002-00595-COA-R3-CV - Filed December 16, 2003**

—————————

Petitioner sought an order from the trial court to require his former wife to turn over to him property awarded in the divorce action. Following a hearing, the trial court ruled that the Petitioner had not sustained his burden of proof and that Petitioner's former wife did not have in her possession any personal property granted to Petitioner in the divorce decree. The record is before this Court on Petitioner's appeal and absent a transcript or statement of the evidence. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY M. KIRBY, J., joined.

James Ronnie Cooper, *Pro Se*.

### MEMORANDUM OPINION[1]

Cynthia Ann Cooper and James Ronnie Cooper were granted an absolute divorce pursuant to section 36-4-129(b) of the Tennessee Code Annotated by decree entered July 28, 1997. The decree provided for distribution of marital property with Mr. Cooper to receive the items of personal property specified in the decree. On April 12, 1999, Mr. Cooper caused to be filed in the trial court a document entitled "Motion For Order Of Enforcement Of Divorce Decree." The motion recites that Mr. Cooper, being in the custody of the Tennessee Department of Correction, had designated his stepfather, Mr. Don Owenberry, as his designated receiver to obtain possession of the personal

---

[1]**Rule 10. MEMORANDUM OPINION**[.] This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

property awarded him. The motion further recited that Ms. Cooper failed to comply with the court's order and asked the court to enforce its order.

Mr. Cooper brought an appeal to this Court complaining that the trial court had failed to act on his motion. By order of June 8, 2001, this Court entered an order dismissing that appeal since, insofar as the record before us disclosed, the trial court had not ruled on Mr. Cooper's motion, the matter was still pending before the trial court and the appeal was premature.

On May 26, 1998, Mr. Cooper filed a "Motion To Recover Personal Property" wherein he asserted that he had not received certain items of personal property which had been awarded him in the divorce decree. On April 12, 1999, Mr. Cooper filed a "Motion for Order of Enforcement of Divorce Decree," and sought an order from the trial court to compel Ms. Cooper to turn over to him the items of personal property which he alleged he had not received.[2] On June 1, 1999, Mr. Cooper filed another motion for order of enforcement of divorce decree seeking an order to compel Ms. Cooper to turn over to him the items awarded to him in the divorce decree and seeking to find Ms. Cooper in contempt.

This matter was heard by the trial court on January 28, 2002, "upon the petitions filed by the Defendant (Mr. Cooper) on June 8, 1998[3] and all related petitions, answer thereto, testimony of witnesses, and in fact the entire record in the matter." The court found that the petition was not sustained by the proof and that the Plaintiff (Ms. Cooper) did not have in her possession any personal property granted to Mr. Cooper by the original decree. The petition was dismissed. It is from this order that Mr. Cooper appeals.

This Court's standard of review of findings of fact by the trial court is *de novo* upon the record of the trial court, accompanied by a presumption of correctness of the finding, unless the preponderance of the evidence is otherwise. It is our duty to review the trial court record in a non-jury matter to determine where the preponderance of the evidence lies. That presents a problem in the instant case because the record before us contains neither a transcript nor a statement of the evidence. In the absence of a transcript or statement of the evidence, this Court presumes that sufficient evidence existed to support the trial court's decision. *See Leek v. Powell*, 884 S.W.2d 118, 121 (Tenn. Ct. App. 1994); *Irvin v. City of Clarksville*, 767 S.W.2d 649, 653 (Tenn. Ct. App. 1988). Therefore, the judgment of the trial court is affirmed and the case is remanded to the trial court for such further proceedings that may be necessary. Costs of the appeal are assessed against the appellant, James Ronnie Cooper, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE

---

[2]This motion was the subject of Mr. Cooper's appeal which was dismissed by this Court as premature.

[3]The petitions contained in this record were filed May 26, 1998, April 12, 1999 and June 1, 1999.