# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### JUNE 21, 2006 Session

## MICHELE SAFA v. MARTHA A. LOVING

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-006911-04     Karen R.Williams, Judge**

---

**No. W2005-01011-COA-R3-CV - Filed July 31, 2006**

---

This appeal stems from a negligence suit arising from an automobile accident. At trial, the circuit court entered two separate orders dismissing the case. One order dismissed the case based on the statute of limitations. The other order dismissed the case for a failure to prosecute based on the plaintiff's failure to comply with a previous court order awarding discretionary costs to the defendant that was granted when the plaintiff voluntarily dismissed her first filing of the instant suit. On appeal, the plaintiff asserts that the circuit court erred when it dismissed her claims because the applicable statute of limitations was tolled pursuant to section 28-1-106 of the Tennessee Code as she was of "unsound mind." The defendant has also asserted that the circuit court properly dismissed the case for a failure to prosecute based on the plaintiff's failure to comply with a court order. We affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Michele F. Safa, Memphis, TN, *pro se*

Kevin D. Bernstein, Memphis, TN, for Appellee

# MEMORANDUM OPINION[1]

## I. FACTS & PROCEDURAL HISTORY

In 1993, Dr. Michele Safa ("Safa" or "Appellant") filed suit against Martha A. Loving ("Loving" or "Appellee") seeking damages arising from an automobile accident. On November 7, 2003, Safa voluntarily dismissed her claims. Subsequently, Loving filed a motion for discretionary costs, which was granted by the circuit court on November 23, 2003.

On December 7, 2004, Safa, acting *pro se*, re-filed her complaint. In her re-filed complaint, Safa asserted that she was rendered incompetent because of a medical condition after filing her voluntary dismissal, which she asserted tolled the applicable statute of limitations. Loving filed a motion to dismiss stating that Safa had filed her complaint beyond the statute of limitations. Loving also filed a motion to enforce a previous order by the circuit court awarding discretionary costs from the first suit. In regards to Loving's motion to enforce the previous order awarding discretionary costs, on January 14, 2005, the circuit court found that Safa failed to pay Loving for the discretionary costs from the previous suit and ordered that she do so within thirty days. The circuit court stated that it would dismiss her complaint for failure to prosecute if she failed to do so. On February 11, 2005, the circuit court granted Safa until March 21, 2005 to "procure counsel and respond to [Loving's] Motion to Dismiss and the previously filed Motion to Enforce Previous Order of Court Allowing Costs and the Order granting said Motion." On March 28, 2005, the circuit court entered two orders. One order granted Loving's motion to dismiss. The other order dismissed Safa's claims for failure to prosecute because Safa had not complied with the circuit court's order requiring her to comply with its prior order awarding discretionary costs within the allotted time period.

## II. ISSUES PRESENTED

Appellant, acting *pro se*, has timely filed her notice of appeal and presents the following issue for review:

1.      Whether the circuit court properly dismissed Appellant's claims as being filed past the applicable statute of limitations.

Additionally, Appellee has presented one additional issue for review:

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee governs the issuance of Memorandum Opinions, which states:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

2.      Whether the circuit court properly dismissed Appellant's claims for failure to prosecute due to Appellant's failure to comply with a court order.

For the following reasons, we affirm the decision of the circuit court.

### III.   DISCUSSION

Before this Court analyzes the issues presented in this appeal, we note that Appellant is acting *pro se* and that this Court is mindful of this when evaluating those issues. *"Pro se* litigants who invoke the complex and sometimes technical procedures of the courts assume a very heavy burden." ***Irvin v. City of Clarksville***, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988) (citing *Gray v. Stillman White Co.*, 522 A.2d 737, 741 (R.I. 1987)). *"Pro se* litigants are entitled to fair and equal treatment." ***Whitaker v. Whirlpool Corp.***, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000) (citing *Childs v. Duckworth*, 705 F.2d 915 (7th Cir. 1983)). *"Pro se* litigants are entitled to the same liberality of construction with regard to their pleadings that Tenn. R. Civ. P. 1, 8.05 & 8.06 afford any other litigant." ***Irvin***, 767 S.W.2d at 652 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Although "courts give pro se litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs," ***Young v. Barrow***, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003) (citing *Whitaker*, 32 S.W.3d at 227; *Paehler v. Union Planters Nat'l Bank*, 971 S.W.2d 393, 397 (Tenn. Ct. App. 1997)), "[p]ro se litigants are not excused from complying with the same substantive and procedural requirements that other represented parties must adhere to," ***Whitaker***, 32 S.W.3d at 227 (citing *Irvin*, 767 S.W.2d at 652).

While Appellant has asserted that her claims should not have been dismissed based on the applicable statute of limitations, we find it unnecessary to discuss this issue because we find that the circuit court properly dismissed Appellant's claims for a failure to prosecute based on Appellant's failure to comply with a court order.

Rule 41.02 of the Tennessee Rules of Civil Procedure states in pertinent part: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Tenn. R. Civ. P. 41.02(1) (2005). This Court reviews a motion to dismiss a complaint pursuant to rule 41.02(1) of the Tennessee Rules of Civil Procedure under an abuse of discretion standard. ***See Stalsworth v. Grummon***, No. M2000-02352-COA-R3-CV, 2001 Tenn. App. LEXIS 352, at *8 (Tenn. Ct. App. May 15, 2001) (citations omitted). Thus, this Court will uphold a motion to dismiss a complaint pursuant to rule 41.02(1) of the Tennessee Rules of Civil Procedure unless the "trial court acted unreasonably, arbitrarily, or unconscionably by dismissing the complaint." ***Id.*** at *9 (citing *Reynolds v. Metro. Gov't of Nashville & Davidson County*, No. 01 A01-9059-CV-00406, 1996 Tenn. App. LEXIS 106, at *4 (Tenn. Ct. App. Feb. 23, 1996)).

In this case, after Appellant initially voluntarily dismissed her case, Appellee filed a motion for discretionary costs, which was granted by the circuit court. When Appellant re-filed her case over one year later, Appellant had not paid Appellee for the discretionary costs awarded to her. As

a result, Appellee filed a motion to enforce its previous court order awarding her discretionary costs requesting the circuit court to compel Appellant to abide by the previous order and/or dismiss Appellant's complaint. On January 14, 2005, the circuit court entered an order granting Appellee's motion stating that Appellant had thirty days by which to pay the discretionary costs. If Appellee did not pay those costs, the circuit court stated that it would dismiss her claims for failure to prosecute. On February 11, 2005, the circuit court granted Appellant's request for additional time to respond to Appellee's motion to enforce the order granting discretionary costs and the order granting the motion. On March 28, 2005, although the circuit court labeled its order as an order of dismissal for failure to prosecute, the circuit court dismissed Appellant's complaint for a "failure to abide by the previously lawfully entered Order of [the] court." In her brief on appeal, Appellant has presented no defense as to why her complaint should not be dismissed for failure to comply with the court order assessing discretionary costs. Further, the circuit court noted in its order granting Appellee's motion to dismiss that Appellant failed to respond and effectively defend against Appellee's motion to enforce the circuit court's previous order awarding discretionary costs.

In light of the facts and circumstances of this case, it appears that Appellant had ample time to comply with the court's order and had ample warning that her claims would be subject to dismissal. As such, we conclude that the circuit court did not abuse its discretion when it dismissed Appellant's complaint as it did not act unreasonably, arbitrarily, or unconscionably. *Stalsworth*, 2001 Tenn. App. LEXIS 352, at * 10-11 (finding that trial court did not err by dismissing plaintiffs' re-filed complaint for failure to pay discretionary costs from original suit that was voluntarily dismissed where the plaintiffs' had ample warning that their claims were subject to dismissal and were given ample time to comply with the order directing them to pay the discretionary costs). Thus, we affirm the decision of the circuit court.

## IV. CONCLUSION

For the aforementioned reasons, we affirm the decision of the circuit court. Costs of this appeal are taxed to Appellant, Michele F. Safa, and her surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE