IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
September 20, 2006 Session

**WENDY HILL v. DON TRIPLETT**

**Direct Appeal from the Juvenile Court for Shelby County**
**No. G3961     Cary C. Woods, Referee**

**No. W2005-02150-COA-R3-JV - Filed October 12, 2006**

This is an appeal from an order of the juvenile court increasing child support. We reverse and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Reversed and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Don Triplett, *Pro se*.

Wendy Hill, *Pro se*.

**OPINION**

The genesis of this matter is a voluntary acknowledgment of paternity of the minor child who is the subject of this dispute. It acknowledges that Don D. Triplett is the father and Wendy Nash Hill the mother. An order of legitimation was entered concerning the child who was born on December 28, 1994. In August of 1997, a petition was filed to modify the order seeking to change the child's last name to Triplett and a consent order was entered to that effect.

In July of 1998, a petition for child support was filed by Mother pursuant to Title IV D of the Social Security Act. An order of support was entered ordering Father to pay by income assignment the sum of $323.40 monthly. The income assignment order included $10.60 for child support arrearage for a total of $334 monthly.

On April 29, 2005, a motion to modify the previously ordered child support was filed wherein it is stated that an order of support in the amount of $308 per month without fees was entered on or about November 16, 1999. The petition states that there has been a significant variance between the child support guidelines and the amount of child support currently ordered such that a

modification is justified. The matter was heard before the Honorable Felicia M. Hogan, Referee, who found that the previous order should be modified and recommended the support increase from $308 monthly to $673 monthly. The findings and recommendations of the referee were confirmed.

Father filed a petition to modify this order and the matter was heard before the Honorable Cary C. Woods, Referee, who recommended that the previous order be set aside and that the order of the court be modified to increase child support from $308 monthly to $658 monthly. It is from this order that Father appeals. Father contends on appeal that the court below erred in failing to consider his obligation to his other minor children.

This Court ordered Father to show cause why this appeal should not be dismissed for his failure to comply with Rule 24 of the Tennessee Rules of Appellate Procedure. He was given until November 30, 2005, in which to show cause. He sought an extension of time in which to file a statement of the evidence with the clerk of the trial court which this Court granted and a statement of the evidence was filed.[1] The statement of the evidence states as pertinent here as follows:

> Referee Woods asked me if there were other children on support? I told the Referee Woods that I have two other children on support. The prosecutor asked Ms. Hill, (appellee) if she knew anything about my other children. Ms. Hill acknowledged, "yes". The referee requested that I show proof that I was paying support to Kearstin Triplett, my daughter whom stays in Kansas City, Missouri. I also showed that the State of Arkansas is also requesting an increase for Kearstin. The prosecutor took my income assignment information for Kearstin and showed it to Ms. Hill for verification. At no time was I allowed to see Ms. Hill's information or allowed to provide or dispute inaccurate information about myself. Referee Woods stated that what I provided was not enough proof to show that I was paying support for Kearstin. Referee Woods said that he wanted to see a breakdown on my payroll to reflect the amount that was going to Kearstin, before he could give me a credit. This is virtually impossible. Payrolls only show what is being deducted as child support and not the individual child. Referee Woods, then asked me if I was paying medical for Caleb? I answered "Yes, I am". Referee Woods stated he would give me credit for Kearstin's medical only. He asked, "how many children do you have on medical?". I answered "three". Referee Woods begin with the monthly amount I pay in medical insurance and divided it by three and took off one third of my premium and said that was my credit for Kearstin, which was fifteen dollars. With fifteen dollars credit, my support was $658.00 a month. Referee Woods then stated he would not give me credit for Lekeisha, my second daughter, because she would be eighteen in December of 2005. I could not explain to the court the condition of Lekeisha's medical state.

---

[1] Both Father and Mother appear in this Court *Pro se*. Notwithstanding the requirements of Rule 24(c) Tennessee Rule of Appellate Procedure, the statement is not certified by the appellant. No objection was filed by the appellee. However, this is not surprising since the statement of the evidence does not contain a certificate of service.

Lekeisha is in special education in the eleventh grade and will not be graduating when she turns eighteen.

As this Court has previously stated,

> *[p]ro se* litigants are entitled to fair and equal treatment. *See Childs v. Duckworth*, 705 F.2d 915, 922 (7th Cir. 1983). *Pro se* litigants are not, however, entitled to shift the burden of litigating their case to the courts. *See Dozier v. Ford Motor Co.*, 702 F.2d 1189, 1194 (D.C.Cir. 1983). *Pro se* litigants are not excused from complying with the same substantive and procedural requirements that other represented parties must adhere to. *See Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988).

*Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct App. 2000).

In reviewing the child support worksheet which, according to the referee's findings and recommendations, was admitted into evidence, we note that Part III Pre-existing Support Orders lists Kearstin and Lekeisha and the amount of $80 is beside Lekeisha's name.[2] However, we are unable to determine from the worksheet that credit was given for this amount.

When this Court determines that complete justice cannot be done on appeal when the record indicates that more satisfactory evidence can be presented which will enable the trial court to render a more just decision, this Court is statutorily authorized to remand the matter to the trial court pursuant to Tennessee Code Annotated § 27-3-128. This matter is remanded to the trial court for the court to consider documentation presented by the parties concerning Father's obligation for other eligible children. Recognizing that both parties are before this Court *Pro se*, we caution the parties that, should there be a further appeal by either of them, that this is a court of record and it would behoove the appealing party to present this Court with a competent transcript of the proceedings or statement of the evidence.

This cause is remanded to the trial court for further proceedings consistent with this opinion. Costs of this appeal are taxed to Don Triplett.

_____
DAVID R. FARMER, JUDGE

---

[2] Father asserts that the $80 amount applies to Kearstin rather than Lekeisha.