IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 17, 2018 Session

**AUSTIN DAUGHERTY EX REL CHLOE V. SALLY DAUGHERTY**

**Appeal from the Fourth Circuit Court for Knox County**
**No. 142748   Clarence Pridemore, Jr., Chancellor**

_____

**No. E2018-01013-COA-R3-CV**

_____

Austin Daugherty petitioned the trial court for an order of protection against his former wife, Sally Daugherty, on behalf of their minor child, Chloe. Mr. Daugherty alleged that Ms. Daugherty engaged in domestic violence. The order granting the petition and the amended order were entered against Ms. Daugherty by apparent default. She appeals arguing that she did not receive notice of the petition and any subsequent proceedings. We vacate the order of protection and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Fourth Circuit Court**
**Vacated: Case Remanded for Further Proceedings**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J. and JOHN W. MCCLARTY, J., joined.

Sally Daugherty, Lewisburg, Tennessee, Pro Se appellant.

No brief filed by or on behalf of appellee, Austin Daugherty.

**OPINION**

**I.**

Mr. and Ms. Daugherty are engaged in Davidson County in an ongoing child custody dispute. On March 28, 2018, Mr. Daugherty filed a petition in Knox County for an order of protection against Ms. Daugherty on behalf of their daughter, Chloe. Therein, he alleges that, on March 25, 2018, Ms. Daugherty engaged in domestic violence that affected him and Chloe. On March 29, 2018, a temporary ex parte order of protection was entered.

The next item in the record is an order of protection entered April 12, 2018.  The April order indicates a "default" decision was entered against Ms. Daugherty. The April order indicates that Ms. Daugherty was served by "mailing a copy to the respondent by U.S. mail postage prepaid to the respondent's last known address." A month later, on May 22, 2018, an amended order of protection was entered against Ms. Daugherty. The amended order also indicates a "default" decision. It notes under the section designating the means of service that "respondent's last known address is unknown and cannot be ascertained upon diligent inquiry."

On June 1, 2018, Ms. Daugherty filed her notice of appeal. She argues that the address listed on the various trial court documents is not her correct address and that she did not receive notice of any of the proceedings.

## II.

### A.

Ms. Daugherty filed a *pro se* brief in this appeal. Mr. Daugherty did not file a brief. We are mindful of the fact that Ms. Daugherty presents as a *pro se* litigant. Parties who represent themselves are entitled to fair and equal treatment by the courts; nevertheless, "the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary." ***Young v. Barrow,*** 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003).

We acknowledge that Ms. Daugherty's brief is deficient in several aspects; Mr. Daugherty did not raise any objections. The issue Ms. Daugherty primarily raises in her brief has to do with whether or not she received notice of the relevant proceedings, as required by law. The record before us is sufficient for review of this procedural issue. Therefore, given the substantial interests implicated in this matter, we find good cause to exercise our discretion to suspend and/or relax some of the Rules in this matter to see that the Rules of Appellate Procedure are construed to afford a hearing on the merits. *See* Tenn. R. App. P. 1 and 2; ***Irvin v. City of Clarksville***, 767 S.W.2d 649, 652 (Tenn. App. 1988).

### B.

As to protection orders, Tenn. Code Ann. § 36-3-605 provides, in pertinent part, that:

> (a) Upon the filing of a petition under this part, the courts may immediately, for good cause shown, issue an ex parte order of protection. An immediate and present danger of

abuse to the petitioner shall constitute good cause for purposes of this section.

(b) Within fifteen (15) days of service of such order on the respondent under this part, a hearing shall be held...

(c) *The court shall cause a copy of the petition and notice of the date set for the hearing on such petition, as well as a copy of any ex parte order of protection, to be served upon the respondent* at least five (5) days prior to such hearing. An ex parte order issued pursuant to this part shall be personally served upon the respondent...

Tenn. Code Ann. § 36–3–605 (emphasis added).

The record before us does not indicate Ms. Daugherty received sufficient notice of the petition, of the ex parte order of protection, or of any hearing, prior to the entry of the final order of protection. Therefore, we vacate the order of protection and remand to the trial court for further proceedings consistent with this opinion.

### III.

The judgment of the trial court is vacated. This matter is remanded for further proceedings. Costs on appeal are taxed to the appellee, Austin Daugherty.

_____
CHARLES D. SUSANO, JR., JUDGE