IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 27, 2020

## NEDRA R. HASTINGS v. LARRY M. HASTINGS JR.

**Appeal from the Juvenile Court for Shelby County**
**No. R2487    Nancy Percer Kessler, Magistrate**

———————————————————

**No. W2020-00989-COA-T10B-CV**

———————————————————

This is an interlocutory appeal as of right, pursuant to Rule 10B of the Rules of the Supreme Court of Tennessee, filed by Nedra R. Hastings ("Petitioner"), seeking to recuse a special judge in this case involving child support matters. Having reviewed the petition for recusal appeal filed by Petitioner, and finding it fatally deficient, we dismiss the appeal.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right;**
**Appeal Dismissed**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and KENNY W. ARMSTRONG, J., joined.

Nedra Rochelle-Ransom Hastings, Memphis, Tennessee, appellant *pro se*.

Larry Hastings, Jr., Memphis, Tennessee, appellee *pro se*.

## OPINION

The Juvenile Court for Shelby County appointed Nancy Percer Kessler as a special judge to hear matters involving child support in this case. In November of 2019, Petitioner filed an Objection to Hearing Before Appointed Special Judges ("Objection"), objecting to the appointment of "Nancy P. Kessler and/or Sidney Y. McCall" as special judges. Petitioner alleges that the recusal motion contained in her Objection was denied orally during a hearing in January of 2020, but that no written order was entered with regard to the recusal motion contained in the Objection. Petitioner filed an Amended Motion for Disqualification ("Amended Motion") in February of 2020, which she alleges also was denied orally. A written order was entered on June 26, 2020 with regard to the recusal

allegations contained in the Amended Motion. Petitioner then filed her petition for recusal appeal in this Court on July 21, 2020.

We have determined in this case after a review of the petition and supporting documents submitted with the petition, that an answer, additional briefing, and oral argument are unnecessary to our disposition because deficiencies in the petition are fatal to Petitioner's claim. As such, we have elected to act summarily on this appeal in accordance with sections 2.05 and 2.06 of Rule 10B. *See* Tenn. Sup. Ct. R. 10B, § 2.05 ("If the appellate court, based upon its review of the petition for recusal appeal and supporting documents, determines that no answer from the other parties is needed, the court may act summarily on the appeal. Otherwise, the appellate court shall order that an answer to the petition be filed by the other parties. The court, in its discretion, also may order further briefing by the parties within the time period set by the court."); § 2.06 ("An accelerated interlocutory appeal shall be decided by the appellate court on an expedited basis. The appellate court's decision, in the court's discretion, may be made without oral argument.").

We begin by noting that: "*Pro se* litigants who invoke the complex and sometimes technical procedures of the courts assume a very heavy burden." *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988). Parties proceeding without benefit of counsel are "entitled to fair and equal treatment by the courts," but we "must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003).

Deficiencies in both Petitioner's Objection and Petitioner's Amended Motion are fatal to Petitioner's claim for recusal. As the deficiencies in these motions are different, we will address first the Objection and then the Amended Motion.

Petitioner's Objection is deficient because it fails to comply with Rule 10B, § 1.01, which provides, as pertinent: "The motion shall state, with specificity, all factual and legal grounds supporting disqualification of the judge and shall affirmatively state that it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Tenn. R. Sup. Ct. 10B, § 1.01. "The Tennessee Supreme Court has recognized that when the word 'shall' is used in a statute or rule, it is ordinarily construed as being mandatory and not discretionary." *Childress v. United Parcel Service, Inc.*, No W2016-00688-COA-T10B-CV, 2016 WL 3226316, at *2 (Tenn. Ct. App. June 3, 2016), *no appl. perm. appeal filed*. Furthermore, this Court has emphasized:

> that the accelerated nature of these interlocutory appeals as of right requires meticulous compliance with the provisions of Rule 10B regarding the content of the record provided to this court so as to allow this court to meet

its obligations under section 2.06 of the rule, which requires this Court to decide these appeals "on an expedited basis. . . . [sic]". As such, it is imperative that litigants file their petitions for recusal appeal in compliance with the mandatory requirements of Rule 10B in the first instance.

*Elliott v. Elliott*, No. E2012-02448-COA-10B-CV, 2012 WL 5990268, at \*3 (Tenn. Ct. App. Nov. 30, 2012), *no appl. perm. appeal filed.*

Petitioner's Objection fails to comply with Rule 10B. As such, the record is insufficient for review, and Petitioner's claim for recusal contained in this motion has been waived. *See, e.g., Moncier v. Wheeler*, No. 2020-00943-COA-T10B-CV, 2020 WL 4343336, at \*5 (Tenn. Ct. App. July 28, 2020) (finding that failure to include affirmative statement that motion was not being presented for improper purpose can lead to waiver of recusal request on appeal).[1]

Petitioner's Amended Motion presents a different problem. Rule 10B provides for two alternative methods for appealing a trial court's denial of a recusal motion, either "the accelerated interlocutory appeal or an appeal as of right following entry of the trial court's judgment." Tenn. R. Sup. Ct. 10B, § 2.01. If an accelerated interlocutory appeal is chosen, the "petition for recusal appeal shall be filed in the appropriate appellate court within twenty-one days of the trial court's entry of the order." Tenn. R. Sup. Ct. 10B § 2.02. "The time periods for filing a petition for recusal appeal pursuant to section 2.02 . . . are jurisdictional and cannot be extended by the court." Tenn. R. Sup. Ct. 10B § 2.08.

The special judge entered the order denying recusal on June 26, 2020. Petitioner filed her petition for recusal appeal on July 21, 2020, which is twenty-five days after the entry of the order denying recusal. As Petitioner failed to file her petition for an accelerated interlocutory appeal within twenty-one days of the date of entry of the order denying recusal, this Court lacks jurisdiction to consider the petition and must dismiss the appeal as untimely. *See, e.g., In re Allie A.*, No. M2018-00326-COA-T10B-CV, 2018 WL 1124517 (Tenn. Ct. App. February 28, 2018) (dismissing accelerated interlocutory appeal filed twenty-four days after entry of order denying recusal), *no appl. perm. appeal filed.*

Petitioner's petition for recusal appeal is DISMISSED. The costs of this appeal are taxed to Petitioner, for which execution may issue. This case is remanded for further proceedings.

_____
THOMAS R. FRIERSON, II, JUDGE

---

[1] The time for filing a Rule 11 application for permission to appeal to the Tennessee Supreme Court has not yet expired in this case.